

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00436-CV

———————————————

IN THE INTEREST OF J.S., A CHILD

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 23-11638-362

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

The Xi-Amaru Republic (the Republic) attempts to appeal from the trial court's September 12, 2024 "Order Regarding the Child's ICWA Status," which stated that J.S. is not an Indian Child pursuant to 25 U.S.C. § 1903, that the Republic is not a federally recognized tribe, and that the Republic is not entitled to intervene in the parental rights termination suit. We notified the parties that it appeared that the order was not a final judgment or an appealable interlocutory order. *See, e.g.*, *In re E.C.*, No. 02-14-00158-CV, 2014 WL 3536712, at *1 (Tex. App.—Fort Worth July 17, 2014, no pet.) (per curiam) (mem. op.) (citing *Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494, 499 (Tex. App.—San Antonio 1991, writ denied), for the proposition that an order dismissing or striking a petition in intervention may not be appealed by an intervenor before a final judgment is rendered). We instructed the Republic, or any party desiring to continue the appeal, to respond in ten days showing grounds for continuing the appeal, and we warned that the appeal was subject to dismissal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. The Republic and Appellee J.S. filed a response, but neither response shows grounds for continuing this appeal.

This court has appellate jurisdiction over appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are immediately appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Neither the Republic nor J.S. has cited us to a statute authorizing an interlocutory appeal for the

order at issue,[1] and we have found none. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *cf. E.C.*, 2014 WL 3536712, at *1.

Per Curiam

Delivered: October 17, 2024

---

[1] The Republic's response to our jurisdiction letter states, "[W]e believe this case qualifies for interlocutory appeal based on the unique jurisdictional matters involving the indigenous autonomy of the Xi-Amaru Republic and the child's protection under both [the Indian Child Welfare Act] and [the American Declaration on the Rights of Indigenous Peoples]." Similarly, J.S.'s response states, "The order in question significantly impacts the rights and welfare of the child and the jurisdiction of the tribal authorities, which *may warrant* immediate appellate review under the *principles* of protecting the best interests of the child and preserving the tribe[']s rights." [Emphasis added.]